## THE STATE OF KANSAS v. M. A. REDFORD.

AMENDED COMPLAINT; *Refiling, Not Necessary.* A complaint was filed before a justice of the peace charging the defendant in five separate counts with having violated the prohibitory law. A trial was had before the justice, and the defendant convicted upon the first and fifth counts, and found not guilty on the third count. He appealed to the district court; and the county attorney, upon leave obtained, filed an amended complaint verified by himself, charging the defendant in seven counts, and included in the amended complaint the offense alleged in the third count of the original complaint. To this count the defendant filed his plea of former acquittal, which was sustained. The county attorney, with leave of the court, then struck out all of the counts in the amended complaint but the fourth and fifth, and changed the number of the fourth count to first, so as· to make the amended complaint correspond exactly with the first and fifth counts of the original complaint. After these changes were made, the complaint was not refiled or reverified, but the trial proceeded, and the defendant was convicted upon both counts. *Held,* Under the liberal provisions of the criminal code, that the court committed no error prejudicial to the substantial rights of the defendant, as he was tried in the district court for the same offenses for which he was convicted before the justice of the peace, and it was not necessary to refile or reverify the amended complaint simply because portions thereof were stricken out and count four was numbered one.

### *Appeal from Chase District Court.*

PROSECUTION for a violation of the prohibitory liquor law. At the December Term, 1883, the defendant, *M. A. Redford,* was found guilty on two counts of the complaint filed against him, fined $100 on each count, adjudged to pay the costs, and be committed to the county jail until the fines and costs were paid. Defendant appeals.

*Thomas H. Grisham*, for appellant.

The opinion of the court was delivered by

HORTON, C. J.: On January 25, 1883, a complaint, verified by one George Estis, was filed before a justice of the peace of Chase county, charging the defendant in five separate counts with having violated the law prohibiting the sale of intoxicating liquors. The first count charged that the offense was committed on January 8, 1883; the third count charged the offense on January 17, 1883; and the fifth count charged the offense on January 23, 1883. A trial was had upon the complaint before the justice, and the defendant was convicted upon the first and fifth counts, and found not guilty on the third count. The defendant appealed to the district court, and at the May term of the court for 1883, the county attorney, upon leave obtained, filed an amended complaint verified by himself. The amended complaint charged the defendant in seven counts, and included the offense alleged in the third count of the original complaint. The defendant then filed his plea in abatement to the third count, upon the ground of a former acquittal, which plea was sustained by the court.

At the December term of the court for 1883, the county attorney, with the permission of the court, struck out all of the counts contained in the amended complaint, excepting the fourth and fifth, and changed the number of the fourth count to one. With these changes, the amended complaint corresponded substantially with the first and fifth counts of the original complaint. After these changes were made, the complaint was not refiled or reverified, but the trial proceeded, and the defendant was convicted upon both counts. He was fined one hundred dollars upon each count, adjudged to pay the costs, and committed to the county jail until the fine and costs were paid.

The defendant objected to the filing of the amended complaint and to the changes afterward made therein, and also objected to any testimony being offered against him under the

complaint, for the reason that it had not been sworn to after the several counts were stricken out and the figure four changed to one. The objections were overruled, and error is alleged therefor.

Section 72 of the criminal code reads:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial, as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. No amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Again, no information may be quashed or set aside for any of the following defects, among others:

"*Sixth*, For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; nor, *seventh*, for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (Cr. Code, §110.)

The district court has authority in any case brought by appeal from a justice of the peace upon the original complaint, to order a new complaint to be filed, (Cr. Pro. before Justices, ch. 83, §22;) and with the liberal provisions of the statute above quoted, we do not perceive that the substantial rights of the defendant were in any manner prejudiced by the action of the trial court. He was tried upon the same counts under which he was convicted before the justice of the peace. The complaint, when amended, was properly verified, and thereafter all the counts were stricken out not contained in the original complaint, and the only change made as to the counts remaining in the amended complaint was the marking count four, "one." For this change no refiling or reverification was necessary. The statute does not require the counts of a complaint or information to be numbered, and the only purpose of numbering them is for reference and convenience.

The judgment of the district court must be affirmed.

All the Justices concurring.